# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| Terrance Fitch <br> *Plaintiff* <br> v. <br> State of Wisconsin et al. <br> *Defendant* | Civil Action No. 23-CV-0082 |

**EXHIBIT A**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jeffrey Norman
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment(s) #TJF-03011966 Subpoena, Exhibits 1-3

| Place: P.O. Box 81842 Racine WI 53408 | Date and Time: October 7 2024 12:00am |
|---|---|

☒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/4/2024

GINA M. COLETTI
CLERK OF COURT

/s/ M. Wunsch
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-0082

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF WISCONSIN

TERRENCE FITCH,

           Plaintiff,

Case No. 23-cv-0082

THE STATE OF WISCONSIN, et al.,

**JURY TRIAL DEMANDED**

           Defendant.

## SUBPOENA DUCES TECUM

GREETINGS:

TO:
Josh Kaul
Gesina S Carson
Assistant Attorney General
State Bar # 1055162
PO BOX 7857
Madison WI 53707

Tearman Spencer
Anthony Jackson
Assistant City Attorney
1090574
200 East Wells Street Rm 800
Milwaukee, WI 53202
Email: lajack@milwaukee.gov


William G. Davidson
William G. Davidson, WI SBN
1097538
901 N. 9th Street, Room 303
Milwaukee, WI 53233
414-278-4300
William.Davidson@milwaukeecountywi.gov

On behalf of :

Joseph Lacroix
Tonya Rosales,
Milwaukee County
City of Milwaukee
Jeffrey Norman
Jay Karas

FROM:

Terrence Fitch
P.o Box 81842
Racine, Wisconsin 53408

YOU ARE HEREBY COMMANDED To produce and permit inspection and copying of the documents or objects in accordance with Attachment A at the place, date, and time specified above, at the request of the Plaintiff in the above-entitled cause

Attachment "A"

## I. DEFINITIONS

"Document" means, without limiting without limiting its generality , the original (or a copy when the original is not available ) and each non identical copy (including those which are non identical by reason of notations and markings) of papers, writings and records of any nature whatsoever, including, but not limited to, electronic mail messages, contracts, agreements, photographs, body cam footage, reproductions, warrants, suspect warrants, suspect probable cause statement(s), probable cause statement(s), video recordings, holding cell, processing cell, interviews, memoranda recordings, mailings, tape recordings, open record request history, or other data compilations from which information can be obtained through detection devices into reasonably usable forms, conversations or telephone conversations and any and all written, printed, typed, punched, or recorded matter of whatsoever kind of descriptions, archival media, or other electronic date, document or message storage of any kind or nature (whether on a disk, hard drive, file server, personal computer or other medium).

"You" or "your agents, servants, employees, attorneys, or representatives" includes but is not limited to all persons, professionals and/or associates, legal assistants and/or support staff who performed work as part of your team or under your supervision or at your direction in connection with the topics identified in this subpoena.

## II.  INSTRUCTIONS

1. Please produce all the documents, described below, wherever located, which are in the possession, custody or control of you or any of your agents, servants, employees, attorneys, or representatives.
2. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced.
3. The original of each document requested is to be produced. Each document requested is also to be produced for inspection in its original file folder, file jacket, or cover.
4. Documents are to be produced in such a fashion that the specific individual or entity from whom they obtained can be readily determined.
5. If you do not produce any document herein requested under a claim of privilege, work produce, or other ground of non production, please submit in lieu of such document written statement which:

    (a) specifies the privilege, work product, or other asserted ground of non-production;
    (b) describes the nature and general topic of the documents to the extent possible in a manner consistent with the privilege, work product, or other asserted ground of non production;
    (c) identifies the person or persons who prepared the documents and, applicable, the person or persons to whom the document was sent;
    (d) identifies each other person who has seen or had possession of the documents; and
    (e) specifies the date on which the document was prepared by the author and/or received by the addressees.

6. If any document was, but no longer is, in your custody or control, state whether it has been lost, destroyed, transferred, or otherwise disposed of, and in each instance, identify the document as completely as possible, including without limitation, the author(s), addressee(s), any person(s) who say the document, the date of the document and date when the document was received, the subject matter of the document, and the

circumstances surrounding the disposition of the document and the date that disposition occurred.

### III. DOCUMENTS REQUESTED

Produce copies of:

1. All records reflecting or referring to the arrest and incarceration of TERRENCE J FITCH on the 23rd - 24th of February of 2021. Attached Exhibit 2

2. All records reflecting or referring to the open records produced for year 2021-2024 Attached Exhibit 3a, 3b, 3c, 3d

Dated: 10-2-2024

STATE OF WISCONSIN

Terrence Fitch

Plaintiff *Propria Personam*

# VERIFICATION

(STATE of  Wisconsin  )

(COUNTY of  Racine  ) ss.

I,  Terrence Fitch  (PRINT) being duly sworn, deposed and says that I am named as the Plaintiff in the above-entitled proceeding and that the foregoing information is true to his own knowledge, except as to matters herein stated to be alleged on information and belief and as to those matters he believes it to be true.

_____
(Signature), Plaintiff, In Propria Persona.
All Rights Reserved pursuant to
UCC-1-308.

The foregoing instrument was acknowledged before me

This  2nd  day of  October 2024 ,

By  Christine Worth 

Sworn to before me this  2nd  day of  Oct. , 2024.

_____
Notary Public

Christine Allson Worth
Notary Public, State of Wisconsin

| MPD ID #: | 000564898 | MPD BK #: | 112101881 | SID /FBI #: | 1164457 | / 592993RC5 | N Juvenile |

### Arrestee

| Last | First | Middle | Suffix | DOB | Age |
|---|---|---|---|---|---|
| FITCH | TERRENCE | JAMAL | | 6/10/1985 | 35 |

| Sex | Race | H/N/U | Social Security # | Driver's License # / State |
|---|---|---|---|---|
| M | B | N | 393942515 | |

| Home Address | Apt | City | State | Zip |
|---|---|---|---|---|
| 1717 DEANE BLVD | | RACINE | WI | 53405 |

| Marital Status | Military Branch | Place of Birth (City and State) | US Citizen | Country of Citizenship |
|---|---|---|---|---|
| U | None | MILWAUKEE, WI | YES | US |

| Home Telephone # | Work Telephone # | Height | Weight | Build | Eyes |
|---|---|---|---|---|---|
| 2626725416 | | 601 | 195 | MEDIUM | BRO |

| Hair | Glasses / Contacts | Teeth | Complexion | Mustache / Beard | Chin | Hand |
|---|---|---|---|---|---|---|
| BLK | NO | | MD | BD | | R |

Occupation: 
Employer: 
School: 
Alias/Maiden Names: 
DOB: 
Scars/Marks/Tattoo's: 

Mugshot

### Arrest

| Date | Time | Agency ID | District / Bureau | Arrest Address |
|---|---|---|---|---|
| 02/23/2021 | 16:33 | MPD | | 1570 N PROPECT AVE 1204, MILWAUKEE, WI-53202 |

| Agency ID | Arresting Officer Emp ID | Arresting Officer Name | District / Bureau |
|---|---|---|---|
| MPD | 029803 | LaCroix II, Jospeh | |

### Conveyance

Conveyed To: CJF / District Station / Hospital / Other  Date: Time: By: Squad / Ambulance / Med Unit

| Agency ID | Employee ID | Name | District / Bureau | Squad # |
|---|---|---|---|---|
| MPD | 028810 | Rosales, Tanva | | |

Conveyed To: CJF / District Station / Hospital / Other  Date: Time: By: Squad / Ambulance / Med Unit

Released By Doctor: 
Date Returned to CJF: 
Time Returned to CJF: 

Arrestee demeanor: Cooperative/Argumentive/Combative  Physical Observation: OK / Sick / Injured / Intoxicated / Incapacitated

NURSE  Employee ID  Signature  Print  Remarks

Officer Processing Case  Liaison/Arresting Officer  Employee Name  Agency ID

**1**

| Cit# /Warrant# /Commit# | Offense Date | Court Case # / Summary | Issuing Agency | Drug/Weapon/Gambling Type | Amount (Drug/Theft) |
|---|---|---|---|---|---|
| | 05/06/2018 | | | | |

| Statute / Ordinance # | Charge Description | F/M/O/T | State / Muni | Bail |
|---|---|---|---|---|
| 940.225(2)(cm) | 2Nd Deg. Sex Assault-Intoxicated Victim | F | S | |

Modifiers: DV  DDV  WHILE ARMED  2ND/SUB  DOCS 1000"  HAB CRIM  MASKED  ATTEMPT  OTHER:

If Dispo: REFL / ARL / Other:  Deft. To Appear at:  Date:  Time:  Sig:

Remarks: Case Number: 181260164

## Juvenile Case Information

| Last | First | Middle | Suffix | Sex | Race | DOB |
|---|---|---|---|---|---|---|
| FITCH | TERRENCE | JAMAL | | M | B | 6/10/1985 |

Family ID | Family Case # | Juvenile # | Active Case

Name of Person Notified | Date | Time | By Whom | Employee ID

Parent / Guardian Mother Last Name | First | MI | Home Telephone #

Home Address | Apt. | City | State | Zip | Work Telephone #

Parent / Guardian Mother Last Name | First | MI | Home Telephone #

Home Address | Apt. | City | State | Zip | Work Telephone #

## Victim Complaint

Agency ID | Employee ID | Employee Name | District / Bureau

Victim / Complaint Civilian Last, Name | First | Middle | Sex | Race | H/N/U | DOB

Home Address | Apt. | City | State | Zip | Home / Work Telephone #

Injury to Victim: Y/N    Medical Treatment: Y/N    Injury Description:

**Booking No.: 112101881**

Right Index Fingerprint

## Details of Arrest
(Elements of Crime, Probable Cause statements)

**See CR-215**

Special Bail Factors:

Reported By: (Print) | Reported By: (Signature) | Employee ID | Date

Supervisor Approval: (Print & Rank) | Supervisor Approval: (Signature & Rank) | Employee ID | Date

**State of Wisconsin, Milwaukee County** | **Probable Cause Determination**

Seal here | Subscribed and sworn before me this ___ day of _____

I find probable cause to believe that a crime was committed and that the defendant committed the crime and direct that the defendant be held in custody pending further proceedings in this matter.

Bail Amount:

Signature: Date: Time:

Notary Public (Signature)

I find no probable cause for continued detention and direct that the defendant be released.

Signature: Date: Time:

Commission Expires: _____

Record entered M.P.D. System by: _____ (PeopleSoft #)

Official Use Only:
Admit Y / N | Date | Time | Prebook Emp ID | Prebook Signature
Admit Y / N | Date | Time | Prebook Emp ID | Prebook Signature

Exhibit 3 A



Milwaukee Police Department
Police Administration Building
749 West State Street
Milwaukee, WI 53233

http://www.city.milwaukee.gov/police

**Jeffrey B. Norman**
Acting Chief of Police

July 23, 2021

Terrence Fitch
1717 Deane Blvd.
Racine, WI 53405

Dear Terrence Fitch:

This letter is in response to your records request dated February 25, 2021 in which you have made a request for records pursuant to the Wisconsin Public Records Law. Wis. Stat. §§ 19.31-39. You have requested:

- See Attached Request

The public policy in this state is to give the public the greatest amount of access to government records as possible. Wis. Stat. § 19.31. The general presumption is that government records are open to the public unless there is a clear statutory or common law exception. If there is no clear statutory or common law exception the custodian must "decide whether the strong presumption favoring access and disclosure is overcome by some even stronger public policy favoring limited access or nondisclosure." *Hempel v. City of Baraboo*, 2005 WI 120, § 28 (Citations omitted). Notwithstanding the presumption of openness, the public's right to access to public records is not absolute. *Journal/Sentinel v. Aagerup*, 145 Wis. 2d 818, 822 (Ct. App. 1988).

Upon inspection of our records, the records custodian has determined that the following items are responsive to your request:

1. Case #1811260164
2. CAD #181262380 & #210541546
3. Probable Cause Statement
4. Arrest – Detention Report
5. Suspect Alert
6. Body Cam Footage

Item #2 will be released in full. Regarding item #1, 3, 4, 5, & 6, I have determined that it is necessary to make some redactions.

Personal information of victims and witnesses, including telephone numbers and addresses, have been redacted. After conducting the required balancing test, we have determined that the expectation of privacy on the part of the citizen witnesses and victims in their personal lives, the public interests in protecting the sources of law enforcement information, and the public interests in encouraging citizens to cooperate with law enforcement investigators without undue concern that their private lives will become public matters outweighs the public interest in the disclosure of the identifying information of the citizen witnesses and victims. Cf. *Linzmeyer v. Forcey*, 2002 WI 84, ¶¶ 31-32, 254 Wis. 2d 306, 646 N.W.2d 811.

The Wisconsin Legislature has codified personal safety as a public policy interest even when the requested records directly relate to the requestor. Specifically, Wisconsin Statute § 19.35(1)(am) limits the disclosure of personally identifying information when the release of that personally identifying information could endanger an individual's life or safety. Similarly, Wisconsin courts have recognized personal safety as a strong public-policy reason that may justify nondisclosure of a record or a portion of a record. See *Linzmeyer v. Forcey*, 2002 WI 84, ¶ 30, 254 Wis. 2d 306, *Klein v. Wisconsin Res. Ctr.*, 218 Wis. 2d 487, 496, 582 N.W.2d 44 (Ct. App. 1998), *State ex rel. Morke v. Record Custodian*, 159 Wis. 2d 722, 726, 465 N.W.2d 235 (Ct. App. 1990), and *Ardell v. Milwaukee Board of School Directors*, 2014 WI App 66, 349 N.W.2d 894, 354 Wis.2d 471.

Inspection of records may be denied when "there is an overriding public interest in keeping the public record confidential." *Hathaway v. Joint Sch. Dist. No. 1*, 116 Wis. 2d 388, 397, 342 N.W.2d 682 (1984). In *State ex rel. Morke v. Record Custodian*, 159 Wis. 2d 722, 465 N.W.2d 235 (Ct. App. 1990), the Wisconsin court of appeals held that a records custodian's denial of a public records request from an inmate who requested the names, home addresses, and phone numbers of prison employees was justified. The court in *Morke* held that the public interest in nondisclosure outweighed the right to inspect. Specifically, the court of appeals held that concern for the safety and wellbeing of the employees, as well as institutional morale, outweighed the presumption of full access. *Id.* at 726. The insurance suit of *Monfils v. Charles*, 216 Wis. 2d 323, 575 N.W.2d 728 (Ct. App. 1998), took place against a tragic background in which a police department complied with a public-records request for a tape of a 911 call from an anonymous caller warning of an impending

theft. After release of the tape, the caller was found brutally murdered. The alleged thief (who was also the requester) and some of his colleagues were later convicted of the murder. As one court has stated, "[i]n retrospect, the release of the tape was a tragic mistake." *Milwaukee Teachers Educ. Ass'n*, 227 Wis. 2d at 802 (Bablich, J. concurring) (citing *Monfils*).

After a review of the responsive records and conducting the required balancing test, I have determined that I must redact some personally identifying information (including names, addresses, phone numbers, etc.) because it is likely that the release of this information would endanger the life or safety of the individuals. Thus, certain personally identifying information has been redacted from the responsive record.

I have redacted all birth dates from the responsive record. Access to an individual's name with their date of birth, if released to the public could lead to the crime of identity theft. Identity theft is becoming one of the fastest growing areas of crime in the United States. Because of the growing frequency of identity theft, Congress created a federal offense for identity theft, which, in most circumstances, carries of minimum term of 15 years imprisonment, a fine, and criminal forfeiture of any personal property used or intended to be used to commit the offense. 18 U.S.C. § 1028(a)(7). The Wisconsin Legislature has also recognized identity theft as sufficiently prevalent to create a similar crime of identity theft. Wis. Stat.§ 943.201. Identity theft could be accomplished through access to names with home addresses and dates of birth. The above-referenced statutes represent the Legislature's recognition of a strong public policy in protecting citizens against the crime of identity theft.

The MPD is required to comply with the regulations and exemptions set forth in the Driver's Privacy Protection Act ("DPPA"). The DPPA prohibits the release and use of personal information, as defined in 18 U.S.C. § 2725(3), and highly restricted personal information, as defined in 18 U.S.C. § 2725(4), from state motor vehicle records without the express consent of the person to whom such information applies.

The DPPA defines personal information as follows:

> (3) "Personal information" means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not five-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver status.

"Highly restricted personal information" is also defined:

> (4) "Highly restricted personal information" means an individual's photograph or image, social security number, medical or disability information; and

The record that you requested includes personal information obtained by the Milwaukee Police Department from the Wisconsin Department of Transportation, including driver's license numbers. Pursuant to the DPPA, the MPD is prohibited from redisclosing that personal identifying information, unless one of 14 enumerated exceptions applies. *See* 18 U.S.C. § 2721, *Maracich et al. v. Spears, et al.*, 133 S.Ct. 2191 (2013), *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937 (7th Cir. 2015), and *Senne v. Village of Palatine, Illinois*, 784 F.3d 444 (7th Cir. 2015).

Thus, I have redacted this personal information from the responsive record. Please note that your request is not being denied at this time.

Regarding Item #6, please note that the screens of in-squad and district computers have been blurred out, as disclosure of the contents of the screen would identify confidential law enforcement information, strategies and tactics. The public records law states that the exemptions found in the open meetings law may be used as an exception to disclosure under the Public Records Law if supported by public policy reasons. Wis. Stat. § 19.35(1)(a). One exception under the Open Meetings Law, which we have analyzed in our application of the balancing test, is when the information related to the consideration of strategies for crime detection or prevention. *See* Wis. Stat. § 19.85(1)(d).

Though FOIA does not apply to the state of Wisconsin, Wisconsin courts have relied on guidance from federal court analyses of FOIA interpretations, as persuasive authority, when making determinations on public records law exceptions. The Wisconsin Supreme Court has stated that the protections of police tactics found in the Federal Freedom of Information Act (FOIA) may provide a public policy reason, through the required balancing test, to limit disclosure of records that contain police tactics. *Linzmeyer*, 254 Wis.2d 306, ¶ 32. In this instance, the provision we analyzed was 5 U.S.C. 552(b)(7), which exempts law enforcement records from disclosure when:

> [T]he production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, . . ., (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

*Id.* (quoting 5 U.S.C. 552(b)(7)). In this instance, the information on the screen would reveal information relating to other investigations, personal information of other individuals, and confidential law enforcement techniques and strategies. There is a public interest in keeping this information confidential. Disclosure would impact the Milwaukee Police Department's ability to detect crime, as public

knowledge of what is displayed on the screen would have an impact on the Milwaukee Police Department's strategies, methods and investigative techniques. Such disclosure could seriously impair and handicap the ability of Police Officers to function in an effective and efficient manner. Put another way, "if local criminals learn the specific techniques and procedures used by police . . . the disclosed information could be used to circumvent the law." *Democratic Party of Wisconsin and Cory Liebmann v. Wisconsin Department of Justice and Kevin Potter*, 2016 WI 100, ¶19.

Consequently, after conducting the required balancing test, I have determined that the balance weighs in favor of non-disclosure of the contents of the computer screens identified above.

Upon review of your request and upon inspection of Milwaukee Police Department (MPD) records, the records custodian has determined that there are no records that are responsive to portions of your request. We are unable to locate "Court Records". MPD is not the custodian of court records and warrants. Those records would have to be requested from Milwaukee County Court.

Your request for "Law and / statutes for a Suspect Warrant" is a request for information, and not a request for records. The public records law is designed to make existing record available to the public, subject to any required redactions. However, "the public records law does not require an authority to provide requested information if no record exists, or to simply answer questions about a topic of interest to the requester." *Journal Times v. City of Racine Board of Fire and Police Comm'rs.* 2015 WI 56, ¶ 55, see also *State ex rel. Ingrates v. Sch. Dist. of Sevastopol*, 146 Wis.2d 629 (Ct. App. 1988) and *Wis. Dept. of Justice, Wisconsin Public Records Law Compliance Guide*, at 21 (Nov. 2015). Under Wisconsin law, a records custodian need not create a new record in response to a records request. Wis. Stat. § 19.35(1)(L).

Under Wisconsin law, a records custodian need not create a new record in response to a records request for a nonexistent record. Wis. Stat. § 19.35(1)(L).

This determination is subject to review by *mandamus* action under Wis. Stat. § 19.37(1), or upon an application to the Wisconsin Attorney General or the Milwaukee County Corporation Counsel.

Sincerely,

JEFFREY B. NORMAN
ACTING CHIEF OF POLICE

JAY KARAS
LIEUTENANT OF POLICE

JBN: JK: kdt
L03218 Response Letter


*Exhibit 35*



**Milwaukee Police Department**
Police Administration Building
749 West State Street
Milwaukee, WI 53233

http://www.city.milwaukee.gov/police

**Jeffrey B. Norman**
Chief of Police

August 8, 2021

Terrence Fitch
1717 Deane Blvd.
Racine, WI 53405

Dear Terrence Fitch:

This letter is in response to your records request dated August 3, 2021, in which you have made a request for records pursuant to the Wisconsin Public Records Law. Wis. Stat. §§ 19.31-39. You have requested:

    See Attached Request

The public policy in this state is to give the public the greatest amount of access to government records as possible. Wis. Stat. § 19.31. The general presumption is that government records are open to the public unless there is a clear statutory or common law exception. If there is no clear statutory or common law exception the custodian must "decide whether the strong presumption favoring access and disclosure is overcome by some even stronger public policy favoring limited access or nondisclosure." *Hempel v. City of Baraboo*, 2005 WI 120, ¶ 28 (Citations omitted). Notwithstanding the presumption of openness, the public's right to access to public records is not absolute. *Journal/Sentinel v. Aagerup*, 145 Wis. 2d 818, 822 (Ct. App. 1988).

Be advised that on July 23, 2021, the Milwaukee Police Department (MPD) Open Record Section (ORS) responded in writing to your request for "body and squad cam, interview video, CADs and reports". As such we will not respond further. The Milwaukee Police Department has statutorily complied (pursuant to the Open Records Law) with this and all your prior requests providing all responsive records and explanations of any denials or redactions. Consequently, any further inquiries directed to the Open Records Section regarding this matter will be placed in file without further action. If instead you need additional copies of a record that we have provided you, please contact our office. You will be charged for any additional copies that are sent.

This determination is subject to review by *mandamus* action under Wis. Stat. § 19.37(1), or upon an application to the Wisconsin Attorney General or the Milwaukee County Corporation Counsel.

        Sincerely,

        JEFFREY B. NORMAN
        ACTING CHIEF OF POLICE


        JAY KARAS
        LIEUTENANT OF POLICE

JBN: JK: kdt
L03218 Reference Number




Exhibit 3C

**Milwaukee Police Department**
Police Administration Building
749 West State Street
Milwaukee, WI 53233

http://www.city.milwaukee.gov/police

**Jeffrey B. Norman**
Acting Chief of Police

October 20, 2021

Terrence Fitch
1717 Deane Blvd.
Racine, WI 53405

Dear Terrence Fitch:

This letter is in response to your correspondence regarding your records request, dated February 25, 2021, in which you have made a request for records pursuant to the Wisconsin Public Records Law. Wis. Stat. §§ 19.31-39. Scans of your original request are included with this letter.

The records custodian has determined that the items you previously requested have been provided with a response from the Milwaukee Police Department, dated July 23, 2021. A scan of this July 23, 2021, response letter and the records provided with said letter have been burnt to a disc which is being provided to you.

Upon review of records maintained by the Milwaukee Police Department, the records custodian has determined that the only unique record not provided to you on July 23, 2021, and requested since then is a video of your Mirandized statement. No other requested records, not already provided, have been located or are maintained by the Milwaukee Police Department.

This Mirandized statement video is being provided in full, without redaction.

The records that the Milwaukee Police Department (MPD) Open Record Section (ORS) believes to be responsive records are enclosed. With the transmission of these records to you, the records custodian will consider your request closed.

Sincerely,

JEFFREY B. NORMAN
ACTING CHIEF OF POLICE


JAY J. KARAS
LIEUTENANT OF POLICE

JBN: JJK: rc
2100549 ORS Reference Number c.f. L03218




Exhibit 3d

Milwaukee Police Department
Police Administration Building
749 West State Street
Milwaukee, WI 53233

http://www.city.milwaukee.gov/police

**Jeffrey B. Norman**
Chief of Police

January 13, 2023

Terrence Fitch
PO BOX 81842
Racine, WI 53408

Dear Terrence Fitch:

This letter is in response to your records request we received on January 12, 2023, in which you have made a request for records pursuant to the Wisconsin Public Records Law. Wis. Stat. §§ 19.31-39. You have requested:

    See Attached Request

The public policy in this state is to give the public the greatest amount of access to government records as possible. Wis. Stat. § 19.31. The general presumption is that government records are open to the public unless there is a clear statutory or common law exception. If there is no clear statutory or common law exception the custodian must "decide whether the strong presumption favoring access and disclosure is overcome by some even stronger public policy favoring limited access or nondisclosure." *Hempel v. City of Baraboo*, 2005 WI 120, ¶ 28 (Citations omitted). Notwithstanding the presumption of openness, the public's right to access to public records is not absolute. *Journal/Sentinel v. Aagerup*, 145 Wis. 2d 818, 822 (Ct. App. 1988).

Be advised that on July 23, 2021, the Milwaukee Police Department (MPD) Open Record Section (ORS) responded in writing to your request for "body and squad cam, interview video, CADs and reports". As such we will not respond further. Your latest request inaccurately states "Terrence Fitch has not received any of the requested documentation from MPD Open Records for the above arrest" although we have email documentation of you acknowledging receipt.

On October 20, 2021 we responded an additional time providing the mirandized statement video that wasn't included in the first response.

The Milwaukee Police Department has statutorily complied (pursuant to the Open Records Law) with this and all your prior requests providing all responsive records and explanations of any denials or redactions. Consequently, any further inquiries directed to the Open Records Section regarding this matter will be placed in file without further action.

The Milwaukee Police Department has provided all responsive records that we have regarding this request. Your request for "discovery" regarding the case may be submitted to the Milwaukee County Clerk of Courts.

This determination is subject to review by *mandamus* action under Wis. Stat. § 19.37(1), or upon an application to the Wisconsin Attorney General or the Milwaukee County Corporation Counsel.

Sincerely,

JEFFREY B. NORMAN
CHIEF OF POLICE

JAY KARAS
POLICE LIEUTENANT

JBN: JK: jjk
2300974 Reference Number

Enclosed: Prior communitcations between MPD ORS and Terrence Fitch