UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE FITCH,
    Plaintiff,

v.                                           Case No. 23-CV-0082

JOSEPH LACROIX, et al.,
    Defendants.

## DECISION AND ORDER

Pro se plaintiff Terrence Fitch filed a complaint alleging that defendants Joseph Lacroix and Tanya Rosales, who are Milwaukee police officers, violated his rights. On June 18, 2025, I granted defendants' motion for summary judgment on all questions of federal law and relinquished supplemental jurisdiction on the remaining state law claims. ECF No. 156. Since then, plaintiff has filed a variety of post-judgment motions. I resolve these here.

### I.    BACKGROUND

On February 23, 2025, plaintiff contacted the Milwaukee Police Department ("MPD") regarding a child custody dispute. Defendants responded to the call and, upon entering plaintiff's name and date of birth into their mobile data terminal, learned there was probable cause to arrest plaintiff. The probable cause stemmed from a 2018 report of sexual assault where the victim named the plaintiff as the perpetrator. Plaintiff was arrested, searched, and then transported to MPD central booking where he was booked, finger-printed, and photographed. The following day, an Assistant District Attorney determined that the District Attorney's office would not pursue charges against plaintiff

due to an inability to prove a case beyond a reasonable doubt. Plaintiff was then released from custody.

Plaintiff brought four claims under 42 U.S.C. § 1983 stemming from the above interactions. First, plaintiff made a false arrest claim, alleging that defendants arrested him without probable cause. I found that no reasonable jury could conclude that the MPD lacked probable cause to arrest plaintiff. Second, plaintiff asserted that defendant Lacroix used excessive force in effectuating the arrest and defendant Rosales failed to intervene. I found that no reasonable jury could conclude that Lacroix's minimal use of force was excessive or unreasonable or that an unreasonable search had occurred. Therefore, no reasonable jury could find that Rosales failed to intervene because there was no excessive or unreasonable force. Third, plaintiff claimed that defendants violated the Equal Protection Clause of the Fourteenth Amendment by allegedly making discriminatory comments. I found that plaintiff offered no admissible evidence of these allegations and, even if he had, he failed to demonstrate he was treated differently than a similarly situated individual because of his race. Finally, plaintiff alleged that defendants maliciously prosecuted him as a result of his lawsuit. However, I found that plaintiff was never charged in relation to this incident and, therefore, there was no criminal prosecution—malicious or otherwise. In my order granting summary judgment, I explained why plaintiff's arguments in opposition to summary judgment failed for each of these claims. ECF No. 156.

## II. MOTION TO SUPPLEMENT THE RECORD, ETC.

The first of three motions filed on July 16, 2025, plaintiff titles this motion "MOTION TO SUPPLEMENT THE RECORD, PRESERVE OBJECTIONS, REQUEST

2

Case 2:23-cv-00082-LA    Filed 11/05/25    Page 2 of 8    Document 176

RECONSIDERATION OF DKT. 135 AND REQUEST HEARING." ECF No. 159. I consider each of these four requests in turn.

Regarding the first part of his motion, nowhere within the filing does plaintiff explain how, why, or with what he seeks to supplement the record. Therefore, I cannot grant this request. I am also unsure what plaintiff asks of me in "preserving objections." Plaintiff claims that there are pending objections and motions, but filing an "objection" is not actionable in this court (or any court) and there are no open motions. On appeal, the court will have access to the entire record, so there is nothing for me to preserve or grant in this respect, either.

Plaintiff also asks me to reconsider my May 1, 2025 order regarding various discovery-related matters and setting a schedule for responding to defendants' motion for summary judgment. "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024). Plaintiff presents no manifest errors of law or fact and does not present any newly discovered evidence regarding my May 1, 2025 order. At best, I understand plaintiff's argument to be based on his perception that I am biased against him. I have already addressed his arguments when I denied his request to recuse myself. ECF No. 59. I will not revisit those arguments because, again, plaintiff presents no manifest errors of law or fact, or any newly discovered evidence. Because I have denied plaintiff's motion in all other respects, I will also deny plaintiff's request for a hearing as there is nothing to be heard on.

## III. MOTION TO CORRECT THE RECORD

Plaintiff avers that "[i]n [my] Order [I] stated that probable cause existed for Plaintiff's February 23, 2021 arrest due to a 'prior alleged domestic violence report or child endangerment.'" ECF No. 160 at 1. Presumably, plaintiff is referring to my most recent order, granting defendants summary judgment. In his motion, plaintiff asks me to "amend [my] Order to remove the reference to a 'prior alleged domestic violence report or child endangerment.'" *Id*. at 2.

Plaintiff is right that this is factually inaccurate and not supported by the record. However, plaintiff is wrong that I made any such statement. Nowhere in any of my orders related to this case have I made this statement or anything similar. *See* ECF Nos. 50, 59, 69, 135, 156. Indeed, none of the orders contain either the phrase "domestic violence" or "child endangerment." Therefore, I will deny this motion as moot.

## IV. MOTION TO ALTER OR AMEND JUDGMENT

In the final motion filed on July 16, 2025, plaintiff moves to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 161. In his lengthy 16 page motion, plaintiff presents numerous reasons why I should vacate my June 18, 2025 order, among other things. Plaintiff's motion centers around two primary complaints: plaintiff disagrees with my legal findings dismissing all four of his 42 U.S.C. §1983 claims and plaintiff repeatedly challenges the sufficiency and interpretation of the evidence.

As I stated previously, "[m]otions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Eberhardt*, 122 F.4th at 688. "Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

4

Moreover, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

As defendants note,[1] plaintiff has previously made all of the legal arguments he presents here, and I have considered and rejected all of them. ECF No. 167 at 2. I find no manifest error of law or fact. Plaintiff also presents no new evidence; all of his arguments are based off of evidence that is already in the record.[2]

Although the analysis above is sufficient to dispense with this motion, I will directly address three of plaintiff's allegations that do not fit neatly into the categories previously mentioned. First, plaintiff avers that I did not "analyze, decline to exercise supplemental jurisdiction, or provide any explanation for [the] dismissal" of plaintiff's state law claims. ECF No. 161 at 5. This is only one example of the *numerous* factual inaccuracies found within plaintiff's motion. In my order granting summary judgment, I wrote:

> The amended complaint alleges several state law claims against defendants. I do not have original jurisdiction over these claims, as they do not arise under federal law and there is no diversity of citizenship between the parties. Because defendants are entitled to summary judgment on all of plaintiff's federal claims, I will relinquish supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); *Lavite v. Dunstan*, 932 F.3d 1020, 1034–35 (7th Cir. 2019).

ECF No. 156 at 17. Thus, I properly disposed of plaintiff's state law claims.

---

[1] Due to an oversight by defendants, plaintiff was not served with defendants' brief in opposition until well past the deadline for plaintiff to respond to the brief in opposition. *See* ECF Nos. 172, 173. As a result, plaintiff filed a motion to reopen time to file a reply. ECF No. 170. Defendants did not object to the motion. ECF No. 172. Based on the circumstances, I will grant plaintiff's motion and deem plaintiff's reply, ECF No. 168, as timely filed. I considered the reply in this analysis.

[2] For example, plaintiff alleges that I "did not consider [his] timely supplemental evidence," but refers only to time stamps from body worn camera footage. ECF No. 161 at 2. However, in my order, I explained that I reviewed the footage and used this evidence in my factual analysis. ECF No. 156 at 5–6, 12–16.

5

Second, plaintiff alleges that I "relied on factual claims not in the record." ECF No. 161 at 12. Specifically, plaintiff once again alleges that I "stated that probable cause existed based on 'a prior alleged domestic violence report or child endangerment.'" As I have explained, I did not consider any such evidence as there is none, and never used the language cited in any of my opinions.

Finally, plaintiff alleges he was "not given reasonable time to respond to defendants' final reply." *Id.* at 11, 13. To briefly review the record, defendants filed a motion for summary judgment on April 21, 2025. ECF No. 131. Plaintiff then filed a brief in opposition on June 2, 2025. ECF No. 140. Defendants filed a response on June 16, 2025. ECF No. 154. I made a decision on the motion on June 18, 2025. Plaintiff is correct that there was no opportunity for a sur-reply, but this is because neither the Federal Rules of Civil Procedure nor the court's Local Rules permit the filing of a sur-reply.[3] "'The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief.'" *Watt v. Brown County*, 210 F. Supp. 3d 1078, 1082 (E.D. Wis. 2016) (quoting *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011)). Plaintiff did not

---

[3] Plaintiff cites *Nelson v. Napolitano*, 657 F.3d 586 (7th Cir. 2011) for the proposition that "failure to permit sur-reply violated Plaintiff's due process rights." ECF No. 161 at 13. He also contends that this citation supports the proposition that "courts must give parties a fair chance to be heard before ruling on dispositive motions." *Id*. While the latter is true, this case does not support that proposition. It also does not support the idea that sur-replies are a necessary component of due process rights. They are not. *Nelson* is a case regarding a plaintiff's voluntary dismissal of a case and the district court's discretion to reinstate the case under Rule 60(b) of the Federal Rules of Civil Procedure. 657 F.3d at 586. The case includes no discussion of dispositive motions, due process rights, or sur-replies. True, in *Nelson*, the defendant failed to answer the complaint, but the court never commented on the due process implications of this and it has no relevance to the case at hand.

6

seek leave to file a sur-reply. In any case, I would not have allowed a sur-reply because defendants' response did not raise any new arguments and there would be no valid reason to grant such a request. For all of these reasons, I will deny plaintiff's motion to alter or amend my judgment.

## V. MOTION FOR EVIDENTIARY HEARING

Plaintiff's request for an evidentiary hearing is based on (1) plaintiff's Rule 59(e) motion to alter or amend judgment (ECF No. 161), (2) defendants' inadvertent lack of service of their brief in opposition to plaintiff's motion, (3) plaintiff's allegation that said brief in opposition contains "new factual assertions and legal arguments." ECF No. 174 at 1–2. I have resolved plaintiff's motion to alter or amend judgement above. I have also deemed plaintiff's reply to defendants' brief in opposition timely filed and considered such in my rulings. *See supra*, 5 n.1. Lastly, defendants' brief in opposition, just two pages long, includes no factual assertions aside from a recounting of the procedural history of this case. None of this is new. Their legal argument includes a brief recitation on when Rule 59(e) constitutes appropriate relief and an even briefer application to the present case. This cannot be said to constitute new legal arguments. Therefore, there is no need for an evidentiary hearing and I will deny this motion.

## VI. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to supplement the record, preserve objections, request reconsideration of ECF No. 135 and request a hearing (ECF No. 159) is **DENIED**.

**IT IS FURTHERMORE ORDERED** that plaintiff's motion to correct the record (ECF No. 160) is **DENIED AS MOOT**.

7

**IT IS FURTHERMORE ORDERED** that plaintiff's motion to alter or amend judgment (ECF No. 161) **DENIED**.

**IT IS FURTHERMORE ORDERED** that plaintiff's motion to reopen time to reply (ECF No. 170) **GRANTED**. The Court considers plaintiff's reply (ECF No. 168) timely filed.

**IT IS FURTHERMORE ORDERED** that plaintiff's motion for an evidentiary hearing (ECF No. 174) is **DENIED**.

There being no pending motions before me, and having ruled on plaintiff's motion for reconsideration under Rule 59, plaintiff is advised that I **will not** rule on any further motions regarding this case. **Any motions filed after this order will be terminated.** Plaintiff is further advised that a dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal **within 30 days** of the entry of this order. *See* Federal Rule of Appellate Procedure 3, 4(a)(4)(A)(v).

Dated at Milwaukee, Wisconsin, this 5th day of November, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge